# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 3:03cr00008-4 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **TADASHI DEMETRIUS KEYES** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Tadashi Demetrius Keyes, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, alleging claims of ineffective assistance of counsel and trial court error. I find that Keyes' motion is barred by the one-year statute of limitations for filing a § 2255 motion and that he has not demonstrated any grounds for equitable tolling. Therefore, I will dismiss his motion as untimely filed.

**I.**

In 2007, after a remand from the United States Court of Appeals for the Fourth Circuit, I convicted Keyes of conspiring to distribute 50 grams or more of cocaine base and possessing a firearm during and in relation to a drug trafficking crime, and sentenced him to life imprisonment plus 120 months. Keyes appealed and the Fourth Circuit affirmed Keyes' sentence and denied his motion for rehearing. Keyes filed a petition for writ of certiorari in the Supreme Court of the United States, which the Court denied on January 12, 2009. Keyes submitted his § 2255 motion to the court no earlier than December 18, 2012. By conditional filing order, the court notified Keyes that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. *See Clay v. United States*, 537 U.S. 522, 528 (2003). Thus, Keyes' conviction became final on January 12, 2009, when the Supreme Court of the United States denied his petition for writ of certiorari, and he had until January 12, 2010 to file a timely § 2255 motion.[1] However, Keyes did not file his federal habeas motion until December 18, 2012, nearly three years after his time to file a timely § 2255 motion passed. Accordingly, Keyes' motion is time-barred unless he demonstrates grounds for equitable tolling.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). A

---

[1] To the extent Keyes argues that his § 2255 motion should be deemed timely under § 2255(f)(3) based on the decisions in *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (March 21, 2012) (holding that counsel was deficient in failing to communicate prosecutor's plea offer to defendant before offer expired), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (March 21, 2012) (holding that habeas corpus petitioner was prejudiced by counsel's deficient performance advising him to reject the plea agreement and go to trial), his claim fails. Neither of these court decisions triggers calculation of Keyes's filing period under § 2255(f)(3). The two Supreme Court decisions did not recognize any new rights for criminal defendants; these decisions merely applied the well-established rule in *Hill v. Lockhart*, 474 U.S. 52 (1985), that a claim of ineffective assistance regarding plea bargaining requires a showing that, but for counsel's deficient representation at that stage of the proceedings, the outcome of the plea process would have been different. *Lafler*, 132 S. Ct. at 1390; *Frye*, 132 S. Ct. at 1405-06.

petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Harris*, 209 F.3d at 330 (citing *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998)). The inmate "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008).

In response to the court's conditional filing order, Keyes' argues that his motion is untimely filed because of counsel's "misconduct." Keyes alleges that within three months of his petition for writ of certiorari being denied, on April 3, 2009, he received a letter from counsel indicating that counsel was "looking into preparing" both a habeas corpus motion and motion to reduce Keyes' sentence pursuant to 18 U.S.C. § 3582. Six months later and still within the time to file a timely § 2255 motion, on October 12, 2009, Keyes alleges that he wrote to counsel "expressing concern" about the § 2255 and § 3582 motions. Having received no response from counsel after six months, on April 13, 2010, three months after his time to file a timely § 2255 motion had expired, Keyes alleges that he again wrote to counsel inquiring as to the status of his § 2255 and § 3582 motions. On January 3, 2011, counsel filed a § 3582 motion on Keyes' behalf. On August 15, 2011, a year and four months after his last letter to counsel, Keyes alleges that he again wrote to counsel inquiring as to the status of his motions. Beginning on August 1, 2012, Keyes' began a quest to obtain a copy of his plea agreement from various offices of the federal government. On November 20, 2012, Keyes wrote to the court asking the court to send

him a copy of his § 2255 motion, the government's response thereto, and any court decision on the matter. Having received no response from the court by December 18, 2012, Keyes filed a § 2255 motion. While Keyes may have relied upon counsel, at least initially, to file a § 2255 motion on his behalf, the facts that Keyes received no responses from counsel to his letters which indicated that counsel was filing a § 2255 motion and that Keyes waited so long in between sending his letters to counsel, leads me to conclude that Keyes' untimely filing of his motion was caused, at most, by his lack of due diligence, which does not warrant application of the equitable tolling doctrine. *See Miller*, 145 F.3d at 618 (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims); *see also, Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (ineffective assistance by counsel alone does not present an "extraordinary circumstance" warranting equitable tolling). Therefore, I find that Keyes' § 2255 motion is untimely filed.

### III.

For the reasons stated, I will dismiss Keyes' § 2255 motion as untimely filed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 20th day of March, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE