IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:03cr00008-4 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TADASHI DEMETRIUS KEYES | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Tadashi Demetrius Keyes, a federal inmate proceeding *pro se*, has filed a "Motion to Vacate Court's August 7, 2013 Memorandum Opinion and Order Due to its Being Void Because of Lack of Due Process and Lack of Jurisdiction." Because Keyes appears to be challenging the constitutionality of his underlying criminal conviction and sentence, and because he continues to demand that the court reconsider the underlying issues in his case, the court construes his filing as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Court records indicate that Keyes has previously filed two other motions for reconsideration of this Court's order entered March 20, 2013, dismissing Keyes' 28 U.S.C. § 2255 motion as untimely filed.[1] His current motion merely recasts challenges to his conviction already raised and addressed in his prior § 2255 proceedings as a challenge to this Court's prior opinion, and further accuses this Court of violating his Fifth Amendment Due Process rights by construing his "Rule 59(e) motion" as a successive habeas corpus petition, when in fact Keyes himself "admits that his Rule 59(e) motion is a habeas corpus petition within the meaning set forth in *Gonzalez*." Therefore, I deny his third motion for reconsideration and construe and summarily dismiss the current motion under §2255(h) as a successive §2255 motion.[2]

---

[1] I denied Keyes' first motion for reconsideration, filed on April 4, 2013, by order entered June 20, 2013. I denied his second motion for reconsideration, filed on July 15, 2013, by order entered August 7, 2013.
[2] Because Keyes does not demonstrate any defect in the integrity of the prior § 2255 proceedings, he fails to present a proper ground for relief under Rule 60(b), and his motion is properly considered and dismissed as a successive

This court may consider a successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. *See* § 2255(h). Keyes offers no indication that he has obtained certification from the Court of Appeals to file a successive § 2255 motion. Therefore, I will direct the clerk's office to docket Keyes' current submission as a § 2255 motion, which will be summarily dismissed as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Keyes.

**ENTER**: This  3rd  day of October, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

§ 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).